CONSTANCE J. YU (SBN 182704)
E-mail: cyu@plylaw.com
GEORGE CHIKOVANI (SBN 254437)
E-mail: gchikovani@plylaw.com
PUTTERMAN | YU | WANG LLP
345 California Street, Suite 1160
San Francisco, CA 94104
Telephone No.: 415-839-8778
Facsimile No.: 415-737-1363

Special Counsel for FRED HJELMESET,
Trustee in Bankruptcy

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>EVANDER FRANK KANE,<br><br>Debtor. | Case No. 21-50028 SLJ<br>Chapter 7<br>Hon. Stephen L. Johnson<br><br>Adversary Proceeding No. 22-05033 SLJ |
| FRED HJELMESET,<br>Trustee in Bankruptcy,<br><br>Plaintiff,<br><br>v.<br><br>SURE SPORTS LLC, FKA SURE SPORTS LENDING LLC,<br><br>Defendant. | **PARTIES' JOINT CASE MANAGEMENT STATEMENT**<br><br>Date: February 17, 2023<br>Time: 1:30 p.m.<br>Place: Via Zoom Video Conference |

PARTIES' JOINT CASE MANAGEMENT STATEMENT

## I. RULE 26(F) REPORT AND PROPOSED SCHEDULING ORDER

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, the parties to this case, by and through their respective counsel, jointly submit this Rule 26(f) Report and Proposed Scheduling Order:

## II. RULE 26(F) CONFERENCE

Pursuant to Rule 26(f), the parties held a meeting on February 1, 2023, which was attended by the following attorneys: George Chikovani for Plaintiff Fred Hjelmeset; Alan Wilmot and Tom Geher for Defendant Sure Sports LLC.

## III. SUBJECTS AND NATURE OF DISCOVERY

### A. RULE 26(a)(1) INITIAL DISCLOSURES

The parties will exchange the initial discovery disclosures required by Rule 26(a)(1) by February 15, 2023.

### B. DOCUMENTS

A number of what the Parties expect to be the relevant documents were previously exchanged by the parties in connection with the Florida arbitration proceedings initiated by Sure Sports prior to the filing of the bankruptcy. The parties agreed to cooperate to use the previously produced documents in this action to avoid duplication of effort, and to supplement the existing productions as necessary.

#### 1. Discovery by Plaintiff

Plaintiff believes that the discovery needed in this case is relatively targeted and circumscribed. Because there is a single substantive legal claim, based on the Miller Ayala Act, discovery can be targeted to the facts that are relevant to the elements of the Miller Ayala Act that are alleged in the Complaint: namely, whether Sure Sports provided "financial services" within the meaning of the Act with respect to agreements entered between Kane and Sure Sports when Kane was a California resident; and the amounts of compensation received by Sure Sports pursuant to those agreements.

Plaintiff expects to need the following categories of documents, to the extent not already fully produced in connection with the arbitration: documents and communications relating to all loans arranged/brokered/underwritten by Sure Sports on behalf of Kane; all communications relating to

Kane; all payments received by Sure Sports relating to the California loans; Sure Sports marketing and/or policy documents describing the nature of Sure Sports services.

### 2. Discovery by Defendant

Defendant believes that the discovery needed in this case will be specifically related to communications and documents exchanged between Kane and: (1) his personal representatives, including, but not limited to, Kane's agent, manager, and financial advisors, and (2) other third parties involved in the formation of the business relationship between Kane and Sure Sports, for the purpose of determining how the relationship was formed (i.e. who came to who first). Documents needed will be focused on the issue of how the loans entered into and received by Kane came to existence, the purpose of obtaining such loans, and Sure Sports role (including, but not limited to, services provided) with regard to such loans.

Defendant will also require discovery of documents pertaining to: (i) Kane's financial situation at the time of entering such loans in order to determine whether any fraud or other intentional misconduct was committed by Kane in obtaining such loans and/or seeking Sure Sports' services with regard to such loans, and (ii) proof of any payments made by Kane to Defendant pursuant to the Underwriting Agreements.

### C. WRITTEN DISCOVERY

#### 1. Discovery by Plaintiff

Plaintiff expects to serve a limited number of targeted interrogatories and requests for admission, primarily in order to establish certain elements that are undisputed, such as Sure Sports' awareness of Kane's status as a California athlete during the relevant period.

#### 2. Discovery by Defendant

Defendant expects to serve interrogatories and requests for production in order to establish the actuality of Kane's financial situation at the time of requesting the loans, the manner and/or method pertaining to Kane's request for such loans, the level of any third party involvement relating to Kane's obtainment of such loans, and proof of any payments made by Kane to Defendant pursuant to the Underwriting Agreements. Defendant also expects to serve interrogatories and requests for production (as applicable) relative to the elements of the claim of this action; namely, any such

discovery that may be used to dispute the application of the Miller Ayala Act to Sure Sports' provision of services.

### D. DEPOSITIONS

#### 1. Discovery by Plaintiff

Plaintiff expects to take the following depositions: a 30(b)(6) deposition of Sure Sports; potentially additional depositions of specific Sure Sports personnel, if necessary based on 30(b)(6) deposition.

#### 2. Discovery by Defendant

Defendant expects to take the following depositions: Evander Kane; Tony Chiricosta; other representatives of Kane (i.e. Kane's agent, manager, and/or other parties involved in assisting Kane obtain loans and/or familiar with Kane's financial situation)

### E. EXPERT WITNESSES

Plaintiff expects to present a single expert, on issues of athlete agent regulations and laws, and the purpose and scope of the Miller Ayala Act specifically.

Defendant reserves the right to present a single expert witness for rebuttal purposes and/or for the purpose of discussing the intent athlete agent regulations and laws, including, but not limited to, the Miller Ayala Act.

### F. ELECTRONICALLY STORED INFORMATION

The parties do not presently expect any complex issues relating to the production of ESI in this matter. ESI consists of a relatively limited volume of email communications and attachments, and personal and/or financial information stored within Defendant's client database.

### G. CONFIDENTIAL INFORMATION

The Parties intent to enter into a stipulated protective order for the protection of confidential information, based on the Northern District Model Order, and are presently meeting and conferring regarding the terms of the order.

///
///
///

## IV. DISCOVERY AND TRIAL SCHEDULE

### A. PLAINTIFF'S POSITION

Plaintiff requests a trial date in September or October of 2023, or the next available date thereafter on the Court's trial schedule.

Plaintiff believes that pre-trial and trial deadlines consistent with the court's Model Trial Scheduling Order will be workable with a trial date as early as September 2023.

Plaintiff's counsel is presently available for trial at any time in the Fall of 2023 or the first half of 2024.

### B. DEFENDANT'S POSITION

Defendant requests a trial in June 2024, or the next available date thereafter on the Court's trial schedule. Once the trial date is established, the parties may meet and confer in order to solidify pre-trial and trial deadlines consistent with the court's Model Trial Scheduling Order.

DATED: February 10, 2023

PUTTERMAN | YU | WANG LLP

By: _____
GEORGE CHIKOVANI
Special Counsel for FRED HJELMESET,
Trustee in Bankruptcy

HEITNER LEGAL, PLLC

By: /s/ Darren Heitner
DARREN HEITNER
Pro Hac Vice
Attorney for Defendant

PARTIES' JOINT CASE MANAGEMENT STATEMENT