JEFFER MANGELS BUTLER & MITCHELL LLP
THOMAS M. GEHER (Bar No. 130588)
*(tmg@jmbm.com)*
Two Embarcadero Center, Fifth Floor
San Francisco, CA 94111-3824
Telephone:     (415) 398-8080
Facsimile:     (415) 398-5584

HEITNER LEGAL, PLLC
DARREN HEITNER (Fl. Bar No. 85956)
*(darren@heitnerlegal.com)*
215 Hendricks Isle
Fort Lauderdale, FL 33301
Telephone:     (954) 558-6999
*Pro Hac Vice*

Attorneys for Defendant Sure Sports, LLC

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| In re | Case No. 21-50028 SLJ |
| EVANDER KANE, | Chapter 7 |
| Debtor. | Honorable Stephen L. Johnson |
| | Adversary Proceeding No. 22-05033 SLJ |
| FRED HJELMESET | **DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR ORDER (1) GRANTING JURY TRIAL AND (2) DECLARING THAT THE BANKRUPTCY COURT DOES NOT HAVE AUTHORITY TO ENTER FINAL JUDGMENT; AND MEMORANDUM OF POINTS AND AUTHORITIES** |
| Trustee in Bankruptcy, | |
| Plaintiff, | |
| vs. | |
| SURE SPORTS, LLC, FKA; SURE SPORTS LENDING, LLC, | |
| Defendant | Date:     May 9, 2023<br>Time:     1:30 pm Pacific Time<br>Place:    Via Zoom Video Conference |

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ...........................................................................................................1

II. ADJUDICATION OF ALL ISSUES CONCERNING THE ACT CLAIM ARE
    NOT NECESSARY FOR THE RESOLUTION OF THE PROOF OF CLAIM .................2

III. SURE SPORTS IS ENTITLED TO A JURY TRIAL ..........................................................6

IV. CONCLUSION ...............................................................................................................8

REPLY RE MOTION RE JURY TRIAL AND ENTRY OF FINAL JUDGMENT

# **TABLE OF AUTHORITIES**

**Page**

CASES

*Curtis v. Loether*,
    415 U.S. 189 (1974) ...........................................................................6

*In re Bellingham Ins. Agency, Inc.*,
    702 F.3d 553 (9th Cir. 2012) .................................................2, 4, 5, 6

*In re Castlerock Properties*,
    781 F.2d 159 (1986) ...........................................................................5

*In re Cinematronics, Inc.*,
    916 F.2d 1444 (1990) .........................................................................5

*In re Johnson* ................................................................................ passim

*In re Tolliver*,
    464 B.R. 720 (Bankr. E.D.KY. 2012) ...................................2, 3, 4, 5

*Pernell v. Southhall Realty*,
    416 U.S. 363 (1974) ...........................................................................7

*Stern v. Marshall*,
    564 U.S. 462 ............................................................................. passim

*Walden* ......................................................................................... passim

STATUTES

California Civil Code
    § 3294 ...............................................................................................1

Kentucky Consumer Protection Act ...............................................................3

Miller-Ayala Act ...........................................................................................1

OTHER AUTHORITIES

Seventh Amendment .................................................................................2, 6, 7

REPLY RE MOTION RE JURY TRIAL AND ENTRY OF FINAL JUDGMENT

ii

# I.

## INTRODUCTION

All of the legal and factual issues that are required to be adjudicated by any Court with respect to Plaintiff's[1] first claim for relief for "Violation of The Miller-Ayala Act," i.e., the Act Claim, are not required to be adjudicated to resolve the objection to Sure Sports' Proof of Claim, i.e., whether such Proof of Claim will be disallowed. Pursuant to the Act, and as alleged in the Complaint (see, Complaint ¶ ¶ 29 and 30) and the Opposition (see, Opposition, page 7), if Sure Sports violated the Act, Sure Sports is not entitled to any of the money it seeks by its Proof of Claim and the Proof of Claim will be disallowed. Whether or not Sure Sports violated the Act is the only issue that is necessary to resolve Plaintiff's objection to Sure Sports' Proof of Claim. As set forth in the Act (and as set forth by Plaintiff), no finding by any Court of any intent, fraud, malice or oppression are required for a Court to find that Sure Sports violated the Act. Further, no finding or determination of any damages of any kind are required for this Court to resolve the objection to Sure Sports' Proof of Claim. As Plaintiff's Act Claim admittedly seeks (i) actual damages (see, Complaint, ¶ 77), (ii) punitive damages, which, pursuant to California Civil Code § 3294 requires a finding, by clear and convincing evidence, of "oppression, fraud or malice" (see, Complaint ¶ 77) and (iii) attorney's fees and costs, and none of these issues must be determined to adjudicate whether or not Sure Sports' violated the Act to disallow its Proof of Claim, the adjudication and resolution of the Act Claim is not necessary to resolve the Proof of Claim. Under these circumstances, *Stern* requires that the Act Claim be "heard and determined" by an Article III judge/court. The Bankruptcy Court does not have the constitutional authority to "hear and determine" the Act Claim.

Sure Sports is entitled to a jury trial on the Act Claim. The Act Claim does not merely seek to reduce or "zero out" or disallow Sure Sports' Proof of Claim, i.e., resolve the proof of claim. The Act Claim seeks to invalidate or "zero out" or disallow Sure Sports' Proof of Claim and augment the estate with cash from an award of actual damages, punitive damages and

---

[1] All capitalized undefined terms herein shall have the same meanings as given to them in the Motion and Opposition to the Motion.

71275341v1
REPLY RE MOTION RE JURY TRIAL AND ENTRY OF FINAL JUDGMENT

attorney's fees and costs.  The Act Claim is a private right action because it seeks "to augment the bankruptcy estate."  *In re Bellingham Ins. Agency, Inc.*, 702 F.3d 553, 562 (9th Cir. 2012).  Further, *Stern* makes clear that the mere filing of a proof of claim does not automatically subject the claimant to the jurisdiction of the Bankruptcy Court and cause a waiver of a right to a jury trial.  *See*, *Stern v. Marshall*, 564 U.S. 462, 493-495. (The claimant "did not truly consent to the resolution of [debtor's] [counter]claim in the bankruptcy proceedings [by the filing of a proof of claim].  He had nowhere else to go if he wished to recover from [debtor's] estate."  *Stern* at 493.)  In fact,  "*Stern* fully equated bankruptcy litigants' Seventh Amendment right to a jury trial in federal bankruptcy proceedings with their right to proceed before an Article III judge."  *Bellingham* at 563.  Finally, Sure Sports' prior unsuccessful motion to compel arbitration is not a waiver of its right to a jury trial.  Plaintiff cites no authority for this made up proposition.  The motion to compel arbitration has no bearing on Sure Sports' right to a jury trial.  The Act Claim is legal claim entitling Sure Sports to a jury trial on such claim.

The resolution of the Act Claim will require the adjudication of legal and factual issues which are not required to resolve Sure Sports' proof of claim, i.e., (i) punitive damages, (ii) malice, oppression or fraud by clear and convincing evidence (which is not the standard for the Act Claim), (iii) actual damages and (iii) attorney's fees and costs.  Thus, the Bankruptcy Court does not have the constitutional authority to "hear and determine" the Act Claim.  As the Act Claim is a private right of action and a legal action, Sure Sports in entitled to a jury trial.

**II.**

**ADJUDICATION OF ALL ISSUES CONCERNING THE ACT CLAIM ARE NOT NECESSARY FOR THE RESOLUTION OF THE PROOF OF CLAIM**

In *In re Tolliver*, 464 B.R. 720, 734 (Bankr. E.D.KY. 2012), a case cited and relied upon in Plaintiff's Opposition, the Bankruptcy Court stated that "*Stern* … limits the [Bankruptcy] Court's ability to enter final judgment on those state law counterclaims that do not 'stem from the bankruptcy itself' or that will not be necessarily resolved in the claims objection process. (Citations omitted.)"  The Act Claim does not "stem from the bankruptcy itself" and is a claim independent of debtor's bankruptcy case.

In determining whether or not a state law counterclaim is necessary for the resolution of the claim objection process, *Tolliver* at 736 stated that the "Supreme Court looked not only to the factual overlap of the claim resolution and the counterclaim, <u>but also the legal elements which must be determined to resolve the claim and the counterclaim and the remedies sought by the counterclaim and the impact on the claims allowance process</u>." (Emphasis added.) Following the mandate of *Stern*, in *Tolliver*, the Bankruptcy Court determined that the debtor's state law counterclaim for violation of the Kentucky Consumer Protection Act, which sough punitive damages, could not be "heard and determined" by the Bankruptcy Court and must be "heard and determined by an Article III Court because:

> Furthermore, resolution of the Plaintiff's Kentucky Consumer Protection Act claim **may require a determination of whether an award of punitive damages as requested by Plaintiff is appropriate**. *See* K.R.S. § 367.220. **<u>Plaintiff's possible entitlement to punitive damages will require a finding that the Plaintiff has shown by clear and convincing evidence that the Defendant acted with fraud, oppression, malice and/or gross negligence, which is not a finding that the Court must reach in resolving the objection to the claim</u>**. *See Stern*, 131 S.Ct. at 2617 ("Also, because Vickie sought punitive damages in connection with her counterclaim, the Bankruptcy Court could not finally dispose of the case in Vickie's favor without determining whether to subject Pierce to the sort of 'retribution,' 'punishment[,] and deterrence'... those damages are designed to impose. There thus was never reason to believe that the process of ruling on Pierce's proof of claim would necessarily result in the resolution of Vickie's counterclaim.") (citations omitted). Therefore, the Plaintiff's claims for violation of the Kentucky Consumer Protection Act will not be "necessarily resolved" in the claims resolution process …" (Emphasis added.)

Due the foregoing, the claim for punitive damages was a basis for the *Tolliver* Court to rule that the Bankruptcy Court did not have the constitutional authority to "hear and determine" the debtor's state law counterclaim for violation of the Kentucky Consumer Protection Act because all of its required issues were not necessary to resolve the claim objection. Thus, Plaintiff's own authority proves Sure Sports' point – when the counterclaim's claim for punitive damages is not required to resolve the claim objection, the counterclaim is not necessary to resolve the proof of claim and the Bankruptcy Court lacks the constitutional authority to "hear and determine" the counterclaim.

REPLY RE MOTION RE JURY TRIAL AND ENTRY OF FINAL JUDGMENT

JMBM | Jeffer Mangels Butler & Mitchell LLP

1    Plaintiff is correct that the inclusion of a claim for punitive damages does not

2    automatically cause the counterclaim to have to be decided by an Article III Court.  However,

3    when the underlying issues to be resolved for the punitive damage claim, i.e., malice, fraud and

4    oppression, are not required to be adjudicated for the claim objection, then the counterclaim must

5    be determined by an Article III Court.  Here, if Sure Sports violated the Act, its proof of claim will

6    be disallowed.  A determination of whether or not the Act was violated does not require any

7    determination of whether Sure Sports acted with malice, fraud or oppression (by clear and

8    convincing evidence).  Plaintiff does not claim to the contrary.  Thus, Plaintiff's counterclaim, the

9    Act Claim, cannot be "heard and determined" by the Bankruptcy Court.  That is the clear mandate

10    of *Stern* and its progeny.

11    Plaintiff seeks to try get around the fact that the Act Claim will require the determination

12    of facts and issues (punitive damages, actual damages and attorney's fees and costs) that are not

13    required to be determined for the allowance or amount of Sure Sports proof of claim by arguing

14    that the alleged mere violation of the Act, i.e., the claim objection, and the <u>extraneous</u> issues of

15    punitive damages, actual damages and attorney's fees and costs not required for the resolution of

16    the claim objection involve common facts is unavailing.  Plaintiff cites no authority for such

17    proposition.  Further, as set forth in *Stern* and *Tolliver*, when, like here, the resolution of the issue

18    of punitive damages (i.e., malice, fraud and oppression by clear and convincing evidence) is not

19    required to resolve the claim objection and seeks to augment the bankruptcy estate, the

20    Bankruptcy Court cannot "hear and determine" the counterclaim.  The Bankruptcy Court has no

21    constitutional authority to "hear and determine" the Act Claim.

22    Further, the Sixth Circuit's decision in *Walden*, as explained in the Motion, further

23    supports the above conclusion that the Bankruptcy Court does not have the constitutional authority

24    to "hear and determine" the Act Claim.  Plaintiff seeks to have this Court ignore *Walden* because it

25    was criticized as being "inconsistent" with *Bellingham.  See*, Reply, page 14.  However, the **<u>sole</u>**

26    **<u>reason</u>** for such criticism is that *Walden* failed to rule that, in accordance with *Bellingham*, the

27    counterdefendant had impliedly consented to having the Bankruptcy Court "hear and determine"

28    the state law counterclaim.  *Walden's* analysis of whether or not the counterclaim is necessary for

71275341v1                    REPLY RE MOTION RE JURY TRIAL AND ENTRY OF FINAL JUDGMENT

the resolution of the proof of claim is and was not impact by *Bellingham*. As the issue of implied consent is not present here, *Walden's* analysis of the "necessary to decide" issue is good law and in accordance with the Supreme Court's decision in *Stern*.

Finally, *In re Johnson* is cited by Plaintiff for the proposition that a counterclaim's inclusion of a request for punitive damages and attorney's fees and costs do not cause the Bankruptcy Court lose its authority to hear the counterclaim has absolutely no value. First, *Johnson* is an unreported decision from the Bankruptcy Court of the Northern District of Illinois and is of no authoritative value. Second, and more importantly, the *Johnson* Court never conducted any analysis, like in *Stern*, *Walden* and *Tolliver*, of whether or not the elements necessary for the determination of punitive damages would be necessary to resolve the proof of claim. The *Johnson* Court's entire "analysis" of this issue was the following the statement: "Debtor also seeks a refund of all sums paid on the loan as well as punitive damages and an award of attorney's fees and costs. This request must be resolved to determine the amount due on SAIL's Claim." *Johnson* at 12. The *Johnson* Court did not conduct any analysis of the "necessarily decided" issue and merely pronounced a conclusory statement. *Johnson* has no value to the resolution of the "necessarily decided" issue.

As the resolution, i.e., allowance, of Sure Sports' Proof of Claim will be determined on the basis of whether or not Sure Sports merely violated the Act without having to decide "malice, oppression or fraud" for punitive damages or whether debtor suffered actual damages or the amount of attorney's fees and costs, the Act Claim, and all of its issues, are not necessary for the determination of the allowance of Sure Sports' Proof of Claim. The Ninth Circuit Court of Appeals has "emphasized that courts 'should avoid characterizing a proceeding as 'core' if to do so would raise constitutional problems.' (Citation omitted.)" *In re Cinematronics, Inc.*, 916 F.2d 1444, 1450 (1990). *See also*, *In re Castlerock Properties*, 781 F.2d 159, 162 (1986)("[W]e are persuaded that a court should avoid characterizing a proceeding as 'core' if to do so would raise constitutional problems.") Therefore, as explained above and in the Motion, the Bankruptcy Court, pursuant to the Supreme Court's mandate of *Stern*, does not have the constitutional authority to "hear and determine" the Act Claim.

REPLY RE MOTION RE JURY TRIAL AND ENTRY OF FINAL JUDGMENT

JMBM | Jeffer Mangels Butler & Mitchell LLP

# III.

## SURE SPORTS IS ENTITLED TO A JURY TRIAL

The Act Claim seeks to augment the estate with cash from an award of actual damages, punitive damages and attorney's fees and costs. The Act Claim is a private right action because it seeks "to augment the bankruptcy estate." *In re Bellingham Ins. Agency, Inc.*, 702 F.3d 553, 562 (9th Cir. 2012). "[P]rivate right" claims are "matters … 'of liability of one individual to another under the law as defined.' (Citations omitted.)" *Stern*. at 489. "[W]hat makes a right 'public' rather than private is that the right is integrally related to particular Federal Government action." *Id*. at 490-491. Based upon Supreme Court and 9th Circuit authority, the Act Claim is a "private right."

*Stern* also makes clear that the mere filing of a proof of claim does not automatically subject the claimant to the jurisdiction of the Bankruptcy Court and cause a waiver of a right to a jury trial. See, *Stern* at 493-495. (The claimant "did not truly consent to the resolution of [debtor's] [counter]claim in the bankruptcy proceedings [by the filing of a proof of claim]. He had nowhere else to go if he wished to recover from [debtor's] estate." *Stern* at 493.) In fact, "*Stern* fully equated bankruptcy litigants' Seventh Amendment right to a jury trial in federal bankruptcy proceedings with their right to proceed before an Article III judge." *Bellingham* at 563. Thus, Sure Sports filing of its Proof of Claim is not an automatic waiver of its right to a jury trial on the Act Claim.

As the Act Claim is a private right and, as set forth above, not necessary for the resolution of Sure Sports' Proof of Claim, Sure Sports is entitled to a jury trial on the Act Claim.

Further, the presence of Plaintiff's declaratory relief claim seeking a declaration that Sure Sports violated the Act and "may recover nothing from its proof of claim" (see, Complaint, Prayer for Relief, No. 3) does not cause Sure Sports to lose its right to a jury trial on the Act Claim. As mandated by the U.S. Supreme Court, when legal and equitable claims are joined, "the right to jury trial on the legal claim, including all issues common to both claims, remains intact. The right cannot be abridged by characterizing the legal claim as 'incidental' to the equitable relief sought." *Curtis v. Loether*, 415 U.S. 189, 196, n. 11 (1974).

71275341v1
REPLY RE MOTION RE JURY TRIAL AND ENTRY OF FINAL JUDGMENT

1  Also, Plaintiffs' naked assertion that Sure Sports' prior motion to compel arbitration,

2  which was denied, is a waiver of its right to a jury trial has no support in the law.  Plaintiff simply

3  made this up and does not cite any authority supporting such assertion because no such authority

4  exists.  Sure Sports' motion to compel arbitration simply sough to enforce its contractual right.

5  The Court's denial of the motion to compel arbitration did not compel a court trial on any issue

6  triable by jury.  Plaintiff never waived its right to a jury trial for a trial being held in either the

7  Bankruptcy Court (to which Sure Sports' does not consent) or the District Court (which Sure

8  Sports consents to).

9  The Act Claim seeks "actual damages" and "punitive damages."  Thus, it is an action at

10  law requiring a jury trial.  "The Seventh Amendment protects a litigant's right to a jury trial only if

11  a cause of action is legal in nature and it involves a matter of 'private right.'"  *Granfinanciera Id*. at

12  42, fn. 4.  "Where an action is simply for the recovery and possession of specific real or personal

13  property, or for the recovery of a money judgment, the action is one of law."  *Id*. at 46.  *See also*,

14  *Pernell v. Southhall Realty*, 416 U.S. 363, 370 (1974) ("Where an action is simply for the recovery

15  … of a money judgment, the action is one at law.")  As shown herein, the Act Claim is a matter of

16  "private right" and seeks the recovery of money, i.e., actual damages, punitive damages, attorney's

17  fees and costs.

18  Accordingly, Sure Sports is entitled to a jury trial on the Act Claim.

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

JMBM

Jeffer Mangels
Butler & Mitchell LLP

**CONCLUSION**

Sure Sports respectfully requests that the Bankruptcy Court enter an Order finding, declaring and ruling that (i) the Bankruptcy Court does not have the constitutional authority to "hear and determine," i.e., enter a final judgment, on the Act Claim and (ii) Sure Sports is entitled to a jury trial on the Act Claim.

DATED: May 2, 2023        JEFFER MANGELS BUTLER & MITCHELL LLP

By:        /s/ Thomas M. Geher
            THOMAS M. GEHER

HEITNER LEGAL, PLLC

By:        /s/ Darren Heitner
            DARREN HEITNER
            *Pro Hac Vice*
      Attorneys for Sure Sports, LLC

71275341v1

REPLY RE MOTION RE JURY TRIAL AND ENTRY OF FINAL JUDGMENT

11