CONSTANCE J. YU (SBN 182704)
E-mail: cyu@plylaw.com
GEORGE CHIKOVANI (SBN 254437)
E-mail: gchikovani@plylaw.com
PUTTERMAN | YU | WANG LLP
345 California Street, Suite 1160
San Francisco, CA 94104
Telephone No.: 415-839-8778
Facsimile No.: 415-737-1363

Special Counsel for FRED HJELMESET,
Trustee in Bankruptcy

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>　　EVANDER FRANK KANE,<br><br>　　　　Debtor.<br><br>FRED HJELMESET,<br>Trustee in Bankruptcy,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SURE SPORTS LLC, FKA SURE SPORTS LENDING LLC,<br><br>　　　　Defendant. | Case No. 21-50028 SLJ<br>Chapter 7<br>Hon. Stephen L. Johnson<br><br>Adversary Proceeding No. 22-05033 SLJ<br><br>**PLAINTIFF FRED HJELMESET'S SUPPLEMENTAL BRIEF IN OPPOSITION TO DEFENDANT SURE SPORTS, LLC'S MOTION FOR ORDER (1) GRANTING JURY TRIAL AND (2) DECLARING THAT THE BANKRUPTCY COURT DOES NOT HAVE AUTHORITY TO ENTER FINAL JUDGMENT** |

Pursuant to the Court's Order For Further Briefing [Dkt. 35], Plaintiff Fred Hjelmeset hereby submits his brief regarding the authority raised by Plaintiff's counsel at the May 9, 2023 hearing on Sure Sports' Motion for Jury Trial and Declaring that the Bankruptcy Court does not have Authority to Enter Final Judgment. At the May 9 hearing, the Court asked Sure Sports' counsel a question regarding whether a jury trial exists under California law for claims under the Miller Ayala Athlete Agents Act. In response to this colloquy, Plaintiff's counsel stated that Plaintiff is unaware of any authority directly addressing the question of a jury trial right for claims pursuant to the Miller-Ayala Act, but that the California Supreme Court's decision in *Nationwide Biweekly Administration, Inc. v. Superior Court of Alameda County*, 9 Cal.5th 279 (2020) (*Nationwide Biweekly*) is applicable.

## I. *NATIONWIDE BIWEEKLY* AND ITS PROGENY ESTABLISH THAT UNDER THE CALIFORNIA CONSTITUTION, CLAIMS UNDER CONSUMER PROTECTION STATUTES THAT CREATE RIGHTS NOT AVAILABLE AT COMMON LAW ARE EQUITABLE AND NOT SUBJECT TO A JURY TRIAL RIGHT.

In *Nationwide Biweekly*, the California Supreme Court held that under the California Constitution there is no jury trial right for claims under the California Unfair Competition Law ("UCL") and False Advertising Law ("FAL"). The California Constitution affords a right to a jury trial in common law actions at law that were triable by a jury in 1850, but not to suits in equity that were not triable by a jury at that time. *C & K Engineering Contractors v. Amber Steel Co.*, 23 Cal.3d 1, 8-9 (1978). In making this evaluation courts look to the gist of the action: whether the nature of the rights involved and the facts of the particular case show that it is legal and therefore cognizable at law. *Nationwide Biweekly*, 9 Cal.5th at 316. At early common law, actions at law typically involved lawsuits to recover money damages for injuries caused by breach of contract or tortious conduct. Equitable causes of action typically sought relief such as injunctions, orders for specific performance, or the disgorgement of ill-gotten gains, which were unavailable in actions at law. *Id.* at 292-293. The novel question in *Nationwide Biweekly* was whether the availability of civil penalties made actions under the UCL and the FAL legal claims subject to a jury right. The Court found that it did not.

The court noted that at common law, consumers had no claim for unfair competition, and trademark or trade name infringement actions could be brought only by businesses adversely affected by such conduct. 9 Cal.5th at 322. The UCL and FAL were enacted to create new rights and remedies

not available at common law, broadening the types of business practices that could be considered unfair competition. They also authorized both the government and injured private individuals to sue for restitution, injunctive relief, and other equitable remedies. *Id.* at 322-323. Both also included penalty provisions. The court held that the civil penalties were remedial, rather than punitive. *Id.* at 326. Based on this, along with the equitable remedies authorized by the UCL and FAL, and the equitable factors used to determine the amount of penalties awarded, the court held that the state constitutional right to a jury trial did not attach to those statutory schemes. *Id.* at 324-327.

Courts have subsequently applied *Nationwide Biweekly* to find that there is no jury trial right under other California consumer or worker protection statutes that created rights not available at common law. *See LaFace v. Ralphs Grocery Co.*, 75 Cal. App. 5th 388, 399–400 (2022) (no jury trial for PAGA claims, which allow for civil penalties); *State ex rel. Rapier v. Encino Hosp. Med. Ctr.*, 87 Cal. App. 5th 811, 836–37 (2022) (no jury trial under the Insurance Frauds Prevention Act (IFPA), which provides remedies including disgorgement, unlawful profit, restitution, costs of investigation and prosecution and civil penalties).

As the *Nationwide Biweekly* court acknowledged, the right to a jury trial in proceedings in federal court is governed by the Seventh Amendment rather than the California Constitution, and the standards can differ. *Id.* at 293. Nevertheless, several courts have relied on *National Biweekly* to hold that there is no jury trial right on UCL claims in federal court. In *Stone Brewing Co., LLC v. MillerCoors LLC*, 2022 WL 617314, at *3 (S.D. Cal. Mar. 2, 2022), the court held that plaintiff's UCL claim was "purely equitable" and therefore had to be decided by the court rather than a jury, citing *Nationwide Biweekly*. In *Hope Medical Enterprises, Inc. v. Fagron Compounding Services, LLC*, 2021 WL 2941546, at *3 (C.D. Cal. July 12, 2021), the court granted a motion to strike a jury demand in a case under the UCL and the unfair competition laws of several other states, based on both *Nationwide Biweekly* (finding that UCL claims are equitable) and *Tull v. United States*, 481 U.S. 412, 426 (1987) (finding that disgorgement and restitution are equitable remedies for Seventh Amendment purposes.[1] *See also*, *Ebony Thompson v. FCA US LLC*, No. CV219815FMOMRWX,

---

[1] Plaintiff's opposition addresses the absence of a jury trial right on claims for the disgorgement/restitution under federal law. *See* Dkt. No. 32 at 17:22-18:8.

2023 WL 3149272, at *3 (C.D. Cal. Mar. 20, 2023) (citing *Nationwide Biweekly* for the proposition that that the cause of action established by the UCL is "equitable in nature" and is "properly tried by the court rather than a jury"); *Woulfe v. Universal City Studios LLC*, No. 222CV00459SVWAGR, 2022 WL 18216089, at *9 (C.D. Cal. Dec. 20, 2022) (citing *Nationwide Biweekly*; "The UCL and FAL are equitable in nature.")

## II. PURSUANT TO *NATIONWIDE BIWEEKLY*, A CALIFORNIA COURT WOULD LIKELY FIND THAT THERE IS NO JURY TRIAL RIGHT FOR CLAIMS UNDER THE MILLER-AYALA ACT.

Based on the reasoning of *Nationwide Biweekly*, there is no right to a jury trial for claims under the Miller Ayala Act, at least to the extent the claims seek restitution and statutory penalties. Like the UCL and the FAL, the Miller-Ayala Act is a statute protecting a particular class of persons—professional and student athletes—and which establishes rights and remedies fundamentally different from those available at common law. The Miller-Ayala Act's legislative history expresses a clear intention to protect "professional and unsuspecting student athletes" from "unscrupulous athlete agents" and to have "the nation's toughest laws relating to athlete agents." *See* Enrolled Bill Report by the California Department of Consumer Affairs, September 8, 1996. Like the UCL and FAL, the Act allows both public and private enforcement. *See* Bus. & Prof. C. §18897.8(c) ("It is the intent of the Legislature in enacting this section to encourage enforcement of this chapter through private civil actions."); §18897.93 (providing for enforcement by California attorney general, district attorneys, and city attorneys). Accordingly, under *Nationwide Biweekly*, there is no jury trial on Miller-Ayala Act claims, at least to the extent that plaintiffs seek injunctive or declaratory relief, restitution, or civil penalties.

Respectfully submitted,

DATED: May 26, 2023    PUTTERMAN | YU | WANG LLP

By: _____
GEORGE CHIKOVANI
Special Counsel for FRED HJELMESET,
Trustee in Bankruptcy