1  JEFFER MANGELS BUTLER & MITCHELL LLP
   THOMAS M. GEHER (Bar No. 130588)
2  *(tmg@jmbm.com)*
   Two Embarcadero Center, Fifth Floor
3  San Francisco, CA  94111-3824
   Telephone:     (415) 398-8080
4  Facsimile:     (415) 398-5584

5  HEITNER LEGAL, PLLC
   DARREN HEITNER (Fl. Bar No. 85956)
6  *(darren@heitnerlegal.com)*
   215 Hendricks Isle
7  Fort Lauderdale, FL 33301
   Telephone:     (954) 558-6999
8  *Pro Hac Vice*

9  Attorneys for Defendant Sure Sports, LLC

10              **UNITED STATES BANKRUPTCY COURT**

11              **NORTHERN DISTRICT OF CALIFORNIA**

12                       **SAN JOSE DIVISION**

| | |
|---|---|
| In re | Case No. 21-50028 SLJ |
| EVANDER KANE, | Chapter 7 |
| Debtor. | Honorable Stephen L. Johnson |
| | Adversary Proceeding No. 22-05033 SLJ |
| FRED HJELMESET | **DEFENDANT'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR ORDER (1) GRANTING JURY TRIAL AND (2) DECLARING THAT THE BANKRUPTCY COURT DOES NOT HAVE AUTHORITY TO ENTER FINAL JUDGMENT; AND MEMORANDUM OF POINTS AND AUTHORITIES** |
| Trustee in Bankruptcy, | |
| Plaintiff, | |
| vs. | |
| SURE SPORTS, LLC, FKA; SURE SPORTS LENDING, LLC, | |
| Defendant | Date:  May 9, 2023<br>Time:  1:30 pm Pacific Time<br>Place: Via Zoom Video Conference |

# I

# THE SEVENTH AMENDMENT OF THE U.S. CONSTITUTION

# GRANTS SURE SPORTS A RIGHT TO A JURY TRIAL IN THIS MATTER

"[T]he 7th Amendment [of the Constitution of the United States] applies only to proceedings in courts of the United States, and does not in any manner whatever govern or regulate trials by jury in state courts, or the standards which must be applied concerning the same. (Citations omitted)." *Minneapolis & St. L.R. Co. v. Bombolis*, 241 U.S. 211, 217 (1916).

The Supreme Court of California, acknowledging explicit precedent from the U.S. Supreme, has recognized that "the Seventh Amendment to the federal Constitution applies only to *federal court* proceedings, not *state court* proceedings. The constitutional right to jury trial in *state court* civil proceedings is governed only by the civil jury provisions of each individual state's own state constitution. In several important respects, California decisions have construed the civil jury trial provision of the California Constitution in a manner differently from how the federal high court has interpreted the federal civil jury trial provision. (Emphasis in original.)" *Nationwide Biweekly Administration, Inc. v. Superior Court*, 9 Cal.5th 279, 717-718 (2020). Thus, Seventh Amendment of the U.S. Constitution, not California state law, governs whether Sure Sports is entitled to a jury trial in this adversary proceeding.

Plaintiff's Act Claim[1] seeks "actual damages" and "punitive damages." Thus, it is an action at law requiring a jury trial. "The Seventh Amendment protects a litigant's right to a jury trial only if a cause of action is legal in nature and it involves a matter of 'private right.'" *Granfinanciera Id*. at 42, fn. 4. "Where an action is simply for the recovery and possession of specific real or personal property, or for the recovery of a money judgment, the action is one of law." *Id*. at 46. *See also*, *Pernell v. Southhall Realty*, 416 U.S. 363, 370 (1974) ("Where an action is simply for the recovery … of a money judgment, the action is one at law.") As previously explained in Sure Sports' Motion and Reply brief, the Act Claim is a matter of "private right" and seeks the recovery of money, i.e., actual damages, punitive damages, attorney's fees and costs.

---

[1] All capitalized undefined terms in this Supplemental Brief have the same definitions as given to them in Sure Sports' Motion and Reply Brief concerning the right to a jury trial.

In *Curtis v. Loether*, 415 U.S. 189, 193 (1974), the U.S. Supreme Court announced that "it has long been settled that the right [to a jury trial] extends beyond the common-law forms of action recognized [in 1791]." In *Curtis*, the U.S. Supreme Court ruled that "[t]he Seventh Amendment does apply to actions enforcing statutory rights, and requires a jury trial upon demand, if the statute creates legal rights and remedies, enforceable in an action for damages in the ordinary courts of law." *Id*. at 194.

The U.S. Supreme Court in *Curtis* at 195-196 went on and declared that "[a] damages action under the statute sounds basically in tort – the statute merely defines a new legal duty, and authorizes the courts to compensate a plaintiff for the injury caused by the defendant's wrongful breach. … *More important, the relief sought here – actual and punitive damages – is the traditional form of relief offered in the courts of law*. (Emphasis added.)" *Curtis* further held that "the right to jury trial on the legal claim, including all issues common to both claims[, i.e., the legal monetary claim and the equitable claim for injunction], remains intact. The right cannot be abridged by characterizing the legal claim as 'incidental' to the equitable relief sought." *Curtis* at 196, n. 11. Thus, in *Curtis*, the U.S. Supreme Court held that the defendant, in an action to enforce the Civil Rights Act of 1968 seeking both injunctive relief and punitive damages, was entitled to a jury trial.

In *Tull v. United States*, 481 U.S. 412 (1987), the U.S. Government brought an action under the Clean Water Act seeking an injunction and civil penalties. In *Tull* at 422, the U.S. Supreme Court stated that "[r]emedies intended to punish culpable individuals, as opposed to those intended simply to extract compensation or restore the status quo, were issued by courts of law, not courts of equity. See, *e.g.*, *Curtis v. Loether*, *supra*, at 197, 94 S.Ct., at 1009 (punitive damages remedy is legal, not equitable, relief) (other citations omitted.)"

Plaintiff's Act Claim seeks "actual damages" and "punitive damages." These are legal remedies entitling Sure Sports to a jury trial. In fact, the request for punitive damages alone, mandates, pursuant to the foregoing U.S. Supreme Court precedent, that Sure Sports be entitled to a trial by jury on the Act Claim. Accordingly, Sure Sports is entitled to a jury trial on the Act Claim.

## II

## THE *NATIONWIDE BIWEEKLY* DECISION OF THE CALIFORNIA SUPREME COURT HAS NO BEARING ON SURE SPORTS' RIGHT TO A JURY TRIAL

Notwithstanding the U.S. Supreme Court's clear rulings that (i) only the Seventh Amendment of the U.S. Constitution governs a litigant's right to a trial by jury in federal courts (and state law is inapplicable), and (ii) under the Seventh Amendment, an action seeking punitive damages entitles a litigant to a trial by jury, Plaintiff improperly seeks to strip away Sure Sports' right to a jury trial by relying on inapplicable state law and incorrectly characterizing Plaintiff's Act Claim as an equitable claim.

In his Supplemental Brief, Plaintiff cites *Nationwide Biweekly Administration, Inc. v. Superior Court*, 9 Cal.5th 279 to allege that the Act Claim is an equitable claim. However, *Nationwide Biweekly* has nothing to do with the Miller Ayala Athlete Agents Act, Bus. & Prof. Code §§ 18895, *et seq*. No part of *Nationwide Biweekly* discusses or analyzes the Miller Ayala Athlete Agents Act. *Nationwide Biweekly* was an action in California state court involving claims under California's "unfair competition law" and "false advertising law."

First, as set forth above, the U.S. Supreme Court has held that a litigant's entitlement to a trial by jury in federal courts is governed by the Seventh Amendment of the U.S. Constitution, not by any state's constitution or law. *See*, *Minneapolis & St. L.R. Co. v. Bombolis*, 241 U.S. 211, 217 (1916) and *Nationwide Biweekly* at 717-718. Thus, the California Supreme Court's decision and analysis in *Nationwide Biweekly* is irrelevant because it is not an analysis of a litigant's jury trial right under the Seventh Amendment of the U.S. Constitution. *Nationwide Biweekly* is an analysis of a litigant's right to a jury trial under California law only. Thus, *Nationwide Biweekly* has no impact on Sure Sports' right to a trial by jury concerning the Act Claim.

Second, while the California Supreme Court in *Nationwide Biweekly* determined that in an action seeking injunctive relief and civil penalties based on California's "unfair competition law" and "false advertising law" is an equitable, that analysis has no application to Plaintiff's Act Claim. In determining that the claims under California's "unfair competition law" and "false advertising law" were equitable, *Nationwide Biweekly* relied on (i) "the fact that the cause of

action under the [unfair competition laws] originated solely as an action to enjoin an unfair or misleading business practice – an equitable action triable only by a court and not a jury" *Nationwide Biweekly* at 304 and (ii) that the "[false advertising law], as originally enacted, explicitly authorized only injunctive relief" *Nationwide Biweekly* at 306. Thus, based on these historical facts, the California Supreme Court ruled that the claims under California's "unfair competition law" and "false advertising law" were equitable claims to be tried to the court and not a jury. *Nationwide Biweekly* at 306.

Here, the U.S. Supreme Court has held that actions in federal courts seeking the imposition of punitive damages (and actual damages) are legal claims entitling the litigants to a trial by jury. Second, the Act Claim does not seek any injunction. Third, the Miller Ayala Athlete Agents Act did not originally authorize injunctive relief as the sole remedy. Thus, *Nationwide Biweekly* has no applicability to this adversary proceeding. Sure Sports is entitled to a jury trial on the Act Claim.

### III

### CONCLUSION

Sure Sports respectfully requests that the Bankruptcy Court enter an Order finding, declaring and ruling that (i) the Bankruptcy Court does not have the constitutional authority to "hear and determine," i.e., enter a final judgment, on the Act Claim and (ii) Sure Sports is entitled to a jury trial on the Act Claim.

DATED: June 2, 2023                  JEFFER MANGELS BUTLER & MITCHELL LLP

                                     By:      /s/ Thomas M. Geher
                                              THOMAS M. GEHER


                                     HEITNER LEGAL, PLLC

                                     By:      /s/ Darren Heitner
                                              DARREN HEITNER
                                              *Pro Hac Vice*
                                     Attorneys for Sure Sports, LLC

71357170v1