JEFFER MANGELS BUTLER & MITCHELL LLP
THOMAS M. GEHER (Bar No. 130588)
*(tmg@jmbm.com)*
Two Embarcadero Center, Fifth Floor
San Francisco, CA 94111-3824
Telephone: (415) 398-8080
Facsimile: (415) 398-5584

HEITNER LEGAL, PLLC
DARREN HEITNER (Fl. Bar No. 85956)
*(darren@heitnerlegal.com)*
215 Hendricks Isle
Fort Lauderdale, FL 33301
Telephone: (954) 558-6999
*Pro Hac Vice*

Attorneys for Defendant Sure Sports, LLC

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>EVANDER KANE,<br><br>　　　　Debtor.<br><br>FRED HJELMESET<br><br>Trustee in Bankruptcy,<br><br>　　　　Plaintiff,<br>vs.<br><br>SURE SPORTS, LLC, FKA;<br>SURE SPORTS LENDING, LLC,<br><br>　　　　Defendant. | Case No. 21-50028 SLJ<br><br>Chapter 7<br><br>Honorable Stephen L. Johnson<br><br>Adversary Proceeding No. 22-05033 SLJ<br><br>**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**<br><br>Date: September 10, 2024<br>Time: 1:30 p.m.<br>Place: Courtroom 10<br>　　　　280 South First Street<br>　　　　San Jose, CA 95113<br>　　　　Zoom/Teleconference |

**TABLE OF CONTENTS**

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................1

I. ARGUMENT ..............................................................................................................................1

    A.    Legal Standard..................................................................................................1

    B.    Sure Sports is Entitled to Summary Judgment Based Upon Plain Meaning of the Miller-Ayala Act. ...........................................................................1

    C.    Sure Sports is Entitled to Summary Judgment Because Kane Has Not Suffered Actual Damages...........................................................................4

II. CONCLUSION .........................................................................................................................5

# TABLE OF AUTHORITIES

**Cases**

*Facebook, Inc. v. Duguid*, 592 U.S. 395, 402 (2021)……………………………………………2

*Finjan, Inc. v. Blue Coat Sys., Inc.,* No. 13-CV-03999-BLF, 2015 WL 3630000, at *11 (N.D. Cal. June 2, 2015)………………………………………………………………………………….1

*Hartford Underwriters Ins. Co. v. Union Planters Bank, N. A.*, 530 U.S. 1, 6 (2000)…………...1-2

*Hebert v. Allied Rubber & Gasket Company*, 632 F. Supp. 3d 1175, 1181 (S.D. Cal. 2022)……...1

*Jama v. Immigration and Customs Enforcement*, 543 U.S. 335, 344, n.4 (2005)…………………2

*Lockhart v. United States*, 577 U.S. 347, 351 (2016)……………………………………………2

*United States v. HVI Cat Canyon, Inc.*, 213 F. Supp. 3d 1249, 1271 (C.D. Cal. 2016)……………1

*United States v. Various Slot Machines on Guam*, 658 F.2d 697, 700 (9th Cir.1981)……………..1

**Statutes**

Cal. Bus. & Prof. Code §18895.2(b)(1)……………………………………………………………3

Cal. Bus. & Prof. Code § 18895.2(b)(2)(A)……………………………………………………..2-3

Cal. Bus. & Prof. Code §18897.9(b)……………………………………………………………..4

**Other**

The Miller-Ayala Athlete Agents Act ................................................................................ passim

Defendant, Sure Sports LLC fka Sure Sports Lending LLC ("Sure Sports"), by and through undersigned counsel, hereby replies to Plaintiff, Fred Hjelmeset, Chapter 7 Trustee ("Trustee"), Opposition to Defendant's Motion for Summary Judgment ("Opposition") [D.E. 52] and, in support Sure Sports' Motion for Summary Judgment ("Motion for Summary Judgment") [D.E. 48], states as follows:

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. Argument

#### A. Legal Standard

The entire premise of Trustee's Opposition is based upon: (1) unsupported and unsubstantiated expert testimony, and (2) a purposeful misreading of the Miller-Ayala Act ("MAA") in a manner intended to mislead and/or otherwise confuse the Court into making an overarching decision with numerous unintended consequences as it relates to the application of the clear and unambiguous language of a statute. "Unsupported or conclusory statements of experts are insufficient to raise a genuine issue of material fact precluding summary judgment." *Hebert v. Allied Rubber & Gasket Company*, 632 F. Supp. 3d 1175, 1181 (S.D. Cal. 2022); *see also United States v. Various Slot Machines on Guam*, 658 F.2d 697, 700 (9th Cir.1981) ("In the context of a motion for summary judgment, an expert must back up his opinion with specific facts."); *see Finjan, Inc. v. Blue Coat Sys., Inc.,* No. 13-CV-03999-BLF, 2015 WL 3630000, at *11 (N.D. Cal. June 2, 2015) (stating an expert's conclusory assertions are not sufficient to create a genuine issue of material fact).

#### B. Sure Sports is Entitled to Summary Judgment Based Upon Plain Meaning of the Miller-Ayala Act.

In attempting to effectuate the purpose of a statute, the Court must examine "the words of the statute themselves, giving to the language its usual, ordinary import and according significance, if possible, to every word, phrase and sentence in pursuance of the legislative purpose." *United States v. HVI Cat Canyon, Inc.*, 213 F. Supp. 3d 1249, 1271 (C.D. Cal. 2016). It is well established that "when the statute's language is plain, the sole function of the courts – at least where the disposition required by the text is not absurd – is to enforce it according to its terms." *Hartford*

72452194v2

*Underwriters Ins. Co. v. Union Planters Bank, N. A*., 530 U.S. 1, 6 (2000).

The interpretive rule referred to as the "series-qualifier canon" states, "Under conventional rules of grammar, when there is a straightforward, parallel construction that involves all nouns or verbs in a series, a modifier at the end of the list normally applies to the entire series." *See Facebook, Inc. v. Duguid*, 592 U.S. 395, 402 (2021). "This canon generally reflects the most natural reading of a sentence." *Id.* This interpretation is subject to the "rule of the last antecedent," which states "a limiting clause or phrase…should ordinarily be read as modifying only the noun or phrase that it immediately follows." *See Lockhart v. United States*, 577 U.S. 347, 351 (2016).

Sure Sports Motion for Summary Judgment provides that Sure Sports is exempt from the application of the MAA and therefore entitled to summary judgment as to the causes of action asserted in Trustee's Complaint, because Sure Sports does not meet the definition of an "athlete agent" based upon the clear and unambiguous language contained in the MAA. Specifically, the MAA states the term "athlete agent" "**does not include a person licensed as an attorney, dealer in securities, financial planner, insurance agent, real estate broker or sales agent, or tax consultant, or other professional person, when the professional person offers or provides the type of services customarily provided by that profession**." Cal. Bus. & Prof. Code §18895.2(b)(2)(A) (emphasis added).

Per the "rule of the last antecedent," the limiting clause ("**when the professional person offers or provides the type of services customarily provided by that profession**") solely applies in the context of "other professional person" referenced in the exclusionary statutory language. Sure Sports provides underwriting services headed by its owner/founder, Leon McKenzie, who has served in a chief underwriting officer capacity in various industry fields over the course of many years (*see, e.g.,* Def. Exh. B. pg. 15-17). Notwithstanding, even if such rule did not apply to limit such clause as referenced – *see Jama v. Immigration and Customs Enforcement*, 543 U.S. 335, 344, n.4 (2005) (declining to apply rule where the modifying clause appears after an integrated list) – it follows that the exclusionary language still supports Sure Sports' argument that the MAA does not apply because Sure Sports is not one of the professions listed in the series as requiring licensure in order to be exempt. Specifically, the statute states an "athlete agent" does not include a person

licensed as any of the following: (1) attorney, (2) dealer in securities, (3) financial planner, (4) insurance agent, (5) real estate broker or sales agent, or (6) tax consultant. There is no licensing requirement for commercial loan underwriters contained in the statute, nor is there any licensing requirement for commercial loan underwriters in the state of California, generally. As such, because Sure Sports constitutes an "other professional person…offer[ing] or provid[ing] the type of services customarily provided by that profession," the exclusionary language should apply. Kane has acknowledged and accepted Sure Sports' performance of such services as it relates to the money Sure Sports seeks to recover per its Proof of Claim. *See* Def. Exh. F, G, and I (Kane acknowledging Sure Sports has fully performed and completed all underwriting services requested and/or required to be performed).

Trustee cites to various cases – none of which are of any precedential value or binding authority upon this Court – for the purpose of disclaiming "underwriting" as a profession. Though the MAA does not expressly define what it means to be a "professional person," not only are such citations by Trustee non-applicable for the purpose of this case, but Trustee's entire argument presented is baseless in that Trustee provides zero foundational support to purportedly show how or why underwriting does not meet the definition of a profession.[1] The Deposition of Leon McKenzie clearly shows the obtainment and utilization of certain specialized knowledge used to build Sure Sports' commercial underwriting practice and provide its services. *See, e.g.,* Def. Exh. B. pg. 15-17.

Furthermore, even if the safe harbor provision set forth in Cal. Bus. & Prof. Code §18895.2(b)(2)(A) did not exist, Sure Sports would still fall outside the governance of the MAA, because Sure Sports did not "recruit or solicit" Kane to enter into any financial services contract as required by Cal. Bus. & Prof. Code §18895.2(b)(1). There is no genuine issue of material fact regarding this point per the Deposition of Evander Kane, cited below:

**Q. Did Sure Sports ever recruit you to enter into a financial services contract?**

Ms. Yu: Objection to the term "financial services contract."

---

[1] *See* https://www.merriam-webster.com/dictionary/profession (defining "profession" as a "calling requiring specialized knowledge and often long and intensive academic preparation.")

72452194v2

Q. I can define it, Mr. Kane, if you'd like me to, although you did answer questions related to that before. Would you like a definition?

A. Sure. Why not.

Q. Okay. "Financial services" means the making or execution of an investment or other financial decision or counseling as to a financial decision.

A. I thought you said "contract," correct?

Q. Correct.

**A. No.**

**Q. And did Sure Sports ever solicit you to enter into a financial services contract?**

Ms. Yu: Objection to the extent that it calls for this witness to make a legal conclusion, but he can testify to his own understanding.

**A. To my understanding, no.**

*See* Def. Exh. A., at 33:13-34:9 (emphasis added).

### C. Sure Sports is Entitled to Summary Judgment Because Kane Has Not Suffered Actual Damages.

Following determination that Sure Sports is not subject to the requirements of the MAA, it also follows that Trustee is not subject to any statutory relief as provided per Cal. Bus. & Prof. Code §18897.9(b), including, without limitation, entitlement to refund of any money or other consideration paid pursuant to a contract negotiated by an athlete agent that failed to comply with the MAA. Furthermore, a determination that Sure Sports is not subject to the requirements of the MAA solidifies Sure Sports' entitlement to underwriting and other fees earned in exchange for its performance of underwriting services. *See, e.g.*, Def. Exh. F, G, and I (Kane acknowledging Sure Sports has fully performed and completed all underwriting services requested and/or required to be performed, Sure Sports is entitled to full receipt of the underwriting fee, and that Kane has no defenses that would prevent or preclude Sure Sports' receipt of the underwriting fee).

Furthermore, Trustee has failed to establish how Kane was adversely affected due to any alleged noncompliance with the MAA. Kane's own deposition testimony cited in Trustee's

Case: 22-05033    Doc# 53    Filed: 09/03/24    Entered: 09/03/24 14:00:41    Page 7 of 9

72452194v2

Opposition fails to establish adversity suffered at the behest of Sure Sports, with Kane openly admitting that Sure Sports did not force him to take out any loan or do any action that would knowingly or be reasonably expected to force Kane to file for bankruptcy. Kane's inability to make payment of any loan is the direct result of Kane's problem gambling, poor spending habits, and other misgivings that negatively impacted his ability to save and/or otherwise responsible manage his millions worth of NHL career earnings. Moreover, Trustee's Complaint sets forth nothing more than a conclusory statement that "As a result of Sure Sports' conduct as alleged herein, Trustee has been harmed…" meaning that whatever actual damages suffered would be the result of Sure Sports' noncompliance with the MAA. However, because Sure Sports is entitled to summary judgment declaring that Sure Sports is not subject to such requirements (as explained above), it follows that Trustee has not been adversely affected in a manner warranting any form of relief from this Court.

## II. Conclusion

WHEREFORE, for the reasons set forth herein, Sure Sports respectfully requests that this Honorable Court enter an Order granting Sure Sports' Motion for Summary Judgment, and any other relief that the Court deems just and appropriate.

DATED: September 3, 2024  JEFFER MANGELS BUTLER & MITCHELL LLP

By: /s/ Thomas M. Geher
THOMAS M. GEHER

DATED: September 3, 2024  HEITNER LEGAL, PLLC

By: /s/ Darren Heitner
DARREN HEITNER
*Pro Hac Vice*

Attorneys for Sure Sports, LLC

72452194v2

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
1900 Avenue of the Stars, 7th Floor, Los Angeles, CA 90067-4308

A true and correct copy of the foregoing document entitled (*specify*): **DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**; will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) September 3, 2024, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- George Eugene Chikovani    gchikovani@plylaw.com
- Thomas M. Geher    tmg@jmbm.com, tmg@ecf.inforuptcy.com
- Darren Heitner    darren@heitnerlegal.com
- Robert B. Kaplan    rbk@jmbm.com
- Stephen G. Opperwall    steve.opperwall@comcast.net
- Alan Wilmot    alan@heitnerlegal.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On (*date*) September 3, 2024, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Gregg S. Kleiner
Rincon Law LLP
268 Bush Street, Suite 3335
San Francisco, CA 94104

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) September 3, 2024, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**SERVED BY OVERNIGHT MAIL**
The Honorable Stephen L. Johnson
United States Bankruptcy Court/Northern District of California
United States Courthouse, Room 3035
280 South First Street
San Jose, California 95113-3099
Attn: Anna Lee

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 3, 2024 | Billie Terry | *[signature: Billie Terry]* |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                                F 9013-3.1.PROOF.SERVICE