1  JEFFER MANGELS BUTLER & MITCHELL LLP
   THOMAS M. GEHER (Bar No. 130588)
2  (tmg@jmbm.com)
   Two Embarcadero Center, Fifth Floor
3  San Francisco, CA 94111-3824
   Telephone:   (415) 398-8080
4  Facsimile:   (415) 398-5584

5  HEITNER LEGAL, PLLC
   DARREN HEITNER (Fl. Bar No. 85956)
6  (darren@heitnerlegal.com)
   215 Hendricks Isle
7  Fort Lauderdale, FL 33301
   Telephone:   (954) 558-6999
8  *Pro Hac Vice*

9  Attorneys for Defendant Sure Sports, LLC

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>EVANDER KANE,<br><br>Debtor. | Case No. 21-50028 SLJ<br><br>Chapter 7<br><br>Honorable Stephen L. Johnson |
| FRED HJELMESET<br><br>Trustee in Bankruptcy,<br><br>Plaintiff,<br><br>vs.<br><br>SURE SPORTS, LLC, FKA;<br>SURE SPORTS LENDING, LLC,<br><br>Defendant. | Adversary Proceeding No. 22-05033 SLJ<br><br>**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO MODIFY THE COURT'S JURY TRIAL ORDER**<br><br>Date:    April 22, 2025<br>Time:   1:30 p.m., Pacific Time<br>Place:   Courtroom 10<br>            280 South First Street<br>            San Jose, CA 95113<br>            Zoom/Teleconference |

**TABLE OF CONTENTS**

I. INTRODUCTION ..................................................................................................................1

II. ARGUMENT......................................................................................................................2

    A.    Legal Standard..................................................................................................2

    B.    Plaintiff's First Amended Complaint Does Not Displace Sure Sports' Right to a Jury Trial. ..................................................................................................4

III. CONCLUSION .................................................................................................................9

# TABLE OF AUTHORITIES

**Cases**

*Curtis v. Loether*, 415 US. 189 (1974)....................................................................................1

*Fifty-Six Hope Rd. Music, Ltd. v. A.V.E.L.A., Inc.*, 778 F.3d 1059 (9th Cir. 2015)...............8

*Granfinanciera v. Nordberg*, 492 U.S. 33 (1989)..................................................................2, 8

*In re Porter*, 511 B.R. 785 (Bankr. E.D. La. 2014)................................................................2

*In re Renewable Energy Dev. Corp.*, 792 F.3d 1274 (10th Cir. 2015)....................................3

*In re Shaffer*, 228 B.R. 892 (Bankr. N.D. Ohio 1998)...........................................................6

*In re Somerset Properties SPE, LLC*, 2012 WL 3877791, (Bankr. E.D. N.C. 2012)............5

*In re Stewart*, 473 B.R 612 (Bankr. W.D. Pa. 2012).............................................................3

*In re Thrive Nat'l Corp.*, 605 B.R. 229 (Bankr. D. Utah 2019).............................................2

*In re Tolliver*, 464 B.R. 720 (Bankr. E.D. Ky. 2012)...........................................................5, 6

*In re TP, Inc.*, 479. B.R. 373 (Bankr. E.D.N.C. 2012)..........................................................7

*In re White Star Petroleum Holdings, LLC*, 2021 WL 5875441 (Bankr. W.D. Okla. Dec. 10, 2021)..4

*Kendon Industries, LLC v. Towblazer, Inc.*, 2025 WL 574697, at *4 (C.D. Cal. Jan. 17, 2025)........9

*Lamie v. U.S. Trustee*, 540 U.S. 526 (2004)..........................................................................6

*Meister v. Mensinger*, 230 Cal. App. 4th 381, 396 (2014)....................................................9

*Pernell v. Southhall Realty*, 416 U.S. 363 (1974).................................................................8

*U.S. v. Nordbrock*, 941 F.2d 947, 948-49 (9th Cir. 1991)....................................................8

*Stern v. Marshall*, 564 U.S. 462 (2011).........................................................................passim

**Statutes**

Cal. Bus. & Prof. Code § 18897.8(c)....................................................................................5, 6

Cal. Bus. & Prof. Code § 18897.9(b)....................................................................................7

**Other**

The Miller-Ayala Athlete Agents Act..............................................................................passim

Defendant, Sure Sports LLC fka Sure Sports Lending LLC ("Sure Sports"), by and through undersigned counsel, hereby responds in opposition to Plaintiff, Fred Hjelmeset, Chapter 7 Trustee ("Trustee"), Motion to Modify the Court's Jury Trial Order ("Motion to Modify") [D.E. 69] and, in support thereof, states as follows:

**MEMORANDUM OF POINTS AND AUTHORITIES**

I. **Introduction**

On September 29, 2023, this Court entered an "Order Granting Motion For Jury Trial On Miller-Ayala Act Claim (Claim 1), Retaining Jurisdiction On Proof Of Claim And Declaratory Relief Claim (Claim 2)" (the "Jury Trial Order"). Therein, the Court held, *inter alia*, that Sure Sports had a right to a jury trial on Plaintiff's Miller-Ayala Act ("MAA") claim, based on (i) holding Plaintiff's MAA claim exceeded the scope of Sure Sports' proof of claim (*see* D.E. 43, pg. 9-14), and (ii) Sure Sports' proper reliance on the analogous facts and circumstances presented in *Curtis v. Loether*, 415 US. 189 (1974), in which the Supreme Court stated the following: "The Seventh Amendment does apply to actions enforcing statutory rights, and requires a jury trial upon demand, if the statute creates legal rights and remedies, enforceable in an action for damages in the ordinary courts of law." *Id*. at 194; *see also* [D.E. 43, 16-17] (stating a similar set of facts as described in *Curtis* is present in this case). Based upon the foregoing determination, the Court established the following protocol for the adjudication of this proceeding:

> 1. **The court will retain jurisdiction over this proceeding up to the pint of the jury trial. This will include all discovery, motion practice and other pre-trial litigation. When the case is ready for trial, the bankruptcy court will transfer it to the district court.**
>
> 2. **At the conclusion of the jury trial, the court will conduct a bench trial on any remaining equitable cause of action seeking declaratory relief and will apply any findings of fact from the jury trial that are germane to that question.**

On January 24, 2025 – more than 15 months after the Court's issuance of the Jury Trial Order – Plaintiff filed its Motion For Leave To File Amended Complaint And To Modify The Court's Jury Trial Order [D.E. 61] ("Motion to Amend"), seeking to amend its Complaint to

purportedly remove all requests for punitive, actual, and statutory damages, thereby leaving the following relief sought via Plaintiff's Proposed Amended Complaint as it relates to Plaintiff's MAA claim (Claim 1): disgorgement of fees paid by Kane to Sure Sports pursuant to the agreements at issue; statutory attorneys' fees and costs; and interest. *See* [D.E. 61, pg. 4]. On March 18, 2025, the Court granted Plaintiff's Motion to Amend, granting Plaintiff leave to file its First Amended Complaint, [D.E. 66], which Plaintiff subsequently filed on March 18, 2025. [D.E. 67]. Sure Sports response to Plaintiff's First Amended Complaint is due April 15, 2025. [D.E. 66][1].

Notwithstanding, Sure Sports opposes the notion that Plaintiff's First Amended Complaint obviates Sure Sports' right to a jury trial in accordance with the Jury Trial Order. For such reasons as further explained below, Sure Sports requests that this Court deny Plaintiff's Motion to Modify the Jury Trial Order.

## II. Argument

### A. Legal Standard

The primary purpose of bankruptcy is to afford a debtor a fresh start, which measure is accomplished through the administration and distribution of a debtor's estate to allowed claimants. *See In re Porter*, 511 B.R. 785, 790 (Bankr. E.D. La. 2014). The allowance of claims or the resolution of disputes to claims is a fundamental part of a bankruptcy court's power. *Id.* at 790-91. Notwithstanding, numerous decisions have been issued in which bankruptcy courts have discussed – at length – its duty to be mindful not to exceed the parameters of its limited jurisdiction under 28 U.S.C. § 1334. *See In re Thrive Nat'l Corp.*, 605 B.R. 229, 239, fn. 65 (Bankr. D. Utah 2019) ("The Court disagrees that it has unassailable constitutional jurisdiction over all actions that involve property of the bankruptcy estate.") (citing *Granfinanciera v. Nordberg*, 492 U.S. 33 (1989)) (while Chapter 11 trustee's complaint to recover a fraudulent transfer under § 548 was a statutorily core

---

[1] For the avoidance of doubt, Sure Sports reiterates its request for a jury trial in district court in accordance with the protocol outlined in the Jury Trial Order and further states that it does not consent to a jury trial in this Court. See 28 U.S.C. § 157(e) (stating that a bankruptcy court cannot conduct a jury trial without the consent of all the parties).

proceeding, **it also involved a private right claim that created a constitutional right to a jury trial before a tribunal with appropriate jurisdiction**) (emphasis added); *see also In re Stewart*, 473 B.R 612, 627 (Bankr. W.D. Pa. 2012) (deciding that "the *Stern* opinion actually seeks to correct the overbroad reading of its prior decisions in *Katchen* and *Langenkamp* that the Debtors seek to employ in the instant matter" and "[j]ust because JPMorgan has filed a proof of claim in the Debtors' bankruptcy does not mean it has consented to resolution of all matters between itself and the Debtors in this Court.").

No such case is more prevalent in this regard than *Stern v. Marshall*, wherein the Supreme Court held that despite "counterclaims by the estate against persons filing claims against the estate" being listed as a core proceeding, the bankruptcy court nonetheless lacked constitutional authority to enter a final judgment on the debtor's counterclaim for tortious interference against a party that had filed a proof of claim for defamation. *See Stern v. Marshall,* 564 U.S. 462, (2011). In other words, the Supreme Court held that the bankruptcy court lacked jurisdiction to rule on the debtor's common law, private right claim even though the creditor had filed a claim. *Id*. at 482-87. Specifically, the *Stern* court noted the following:

> **Congress may not bypass Article III simply because a proceeding may have *some* bearing on a bankruptcy case; the question is whether the action at issue stems from the bankruptcy itself or would necessarily be resolved in the claims allowance process.**

*Id*. (emphasis added and in the original). Per the Jury Trial Order, the Court interpreted this position to mean that "even if the bankruptcy court ruled in the creditor's favor on the proof of claim for defamation, [constitutional authority for the bankruptcy court to enter a final judgment did not exist because the bankruptcy court] would have needed to decide additional questions to rule on the debtor's counterclaim for tortious interference." *See* [D.E. 43, pg. 4-5].

Regarding state law actions that arise in a bankruptcy, now-Supreme Court Justice Gorsuch has previously stated that "cases properly in federal [bankruptcy] court but arising under state law and not necessarily resolvable in the claims allowance process trigger Article III's protections." *In re Renewable Energy Dev. Corp.*, 792 F.3d 1274, 1279 (10th Cir. 2015). It is the foregoing principle

that maintains Sure Sports' right to a jury trial should not be impacted by Plaintiff's filing of its First Amended Complaint.

### B. Plaintiff's First Amended Complaint Does Not Displace Sure Sports' Right to a Jury Trial.

Plaintiff's Motion to Modify summarily asserts that the Court's basis for granting the Jury Trial Order solely relied upon Plaintiff's request for actual and punitive damages. However, this presumption fails to consider the entirety of the detailed analysis provided by the Court that served as the backdrop for the Court's ruling.

In the Jury Trial Order, this Court stated the following regarding the impact of *Stern*:

> **The heart of *Stern* rests on the distinction between "private rights" claims, the "stuff" of common law, over which only an Article III court can render final judgment, and "public rights" claims that assert claims "derived from" or "closely intertwined" with a federal regulatory scheme that can be fully adjudicated by an Article I bankruptcy court. In evaluating whether a bankruptcy court has the constitutional authority to enter a final judgment on a state law counterclaim brought by the estate in response to a creditor's claim, the test presented by *Stern* is: The bankruptcy court may enter a final order on such counterclaim only if (1) the counterclaim stems from the bankruptcy itself or (2) the counterclaim would "necessarily be resolved in the claims allowance process." *Id*. at 499. As for an entity who has not filed a claim and is not otherwise part of the bankruptcy proceedings, the bankruptcy court lacks constitutional authority to decide a claim arising under state law against it. *Id*. at 465.**
> 
> …
> 
> **"[F]ollowing Stern, the relevant determination no longer is whether a proceeding is core or related, but whether the proceeding, be it core or related, can be finally determined by the bankruptcy court." 1 Collier on Bankruptcy ¶ 3.02 (16th 2022)**

See [D.E. 43, pg. 5]. See also In re White Star Petroleum Holdings, LLC, 2021 WL 5875441, at *3 (Bankr. W.D. Okla. Dec. 10, 2021) (stating that *Stern's* exact holding was that despite the statutory definition of core proceeding, a bankruptcy court lacks "the **constitutional authority** to enter a **final judgment** on a state law counterclaim that is not resolved in the process of ruling on a creditor's proof of claim.") (emphasis added in the original).

It is undisputed that Plaintiff's MAA claim is a "private right" matter not relating to any bankruptcy laws or other program relating to the federal government, but rather premised on a state

law claim pursued under a consumer protection statute. *See* [D.E. 43, pg. 11] (Jury Trial Order stating **"The Miller-Ayala Act is a consumer protection statute that California's Legislature intended would be enforced by private parties**.") (emphasis added); *see also* Cal. Bus. & Prof. Code § 18897.8(c) ("**It is the intent of the Legislature in enacting this section to encourage enforcement of this chapter through private civil actions**.") (emphasis added). As such, Plaintiff's MAA claim does not stem from the bankruptcy[2] for the purpose of allowing any "public rights" exception, and Plaintiff's First Amended Complaint does nothing to defeat such fact. As such, Plaintiff's First Amended Complaint does not satisfy the first prong of the *Stern* test provided to determine the Court's constitutional authority to render a final judgment on Plaintiff's MAA claim in this proceeding.

Furthermore, Plaintiff's MAA claim would **not** "*necessarily* be resolved in the claims allowance process" as required per the second prong of *Stern*. *Id*. at 499. (emphasis added). To determine whether a claim will be "necessarily resolved" under the *Stern* test, "courts generally look to see if a 'common nucleus of law and fact' exists to inextricably intertwine the claims and counterclaims." *In re Somerset Properties SPE, LLC*, 2012 WL 3877791, at *8 (Bankr. E.D. N.C. 2012); *see also In re Tolliver*, 464 B.R. 720, 736 (Bankr. E.D. Ky. 2012) (explaining that the court in *Stern* "looked not only to the factual overlap of the claim resolution and the counterclaim, but also the legal elements which must be determined to resolve the claim and the counterclaim and the remedies sought by the counterclaim and the impact on the claims allowance process.").

Sure Sports' "Reply In Support Of Motion For Order (1) Granting Jury Trial and (2) Declaring That the Bankruptcy Court Does Not Have Authority to Enter Final Judgment" ("Reply in Support of Jury Trial") discusses in significant detail how the adjudication of all issues concerning

---

[2] This is further emphasized by the fact that prior to the debtor's filing of bankruptcy, debtor and Sure Sports were engaged in arbitration (originally filed in December 2019) regarding debtor's failure to make the payments that served as the impetus for Sure Sports' proof of claim.

Plaintiff's MAA claim are not necessary for the resolution of the proof of claim (*see* D.E. 33, pg. 5-8); however, because the majority of the discussion focused on Plaintiff's claim for punitive damages, Plaintiff's Motion to Modify faultily fails to consider the other factors at play that also weigh in favor of deciding that Plaintiff's MAA claim would not necessarily be resolved in the claims allowance process.

Specifically, the *Tolliver* court stated that in addition to the remedies sought by the counterclaim, "the legal elements which must be determined to resolve the claim" and "the impact on the claims allowance process" must also be considered when determining whether a claim is necessarily resolved per the *Stern* test. *See Tolliver*, 464 B.R. at 736 ("[i]t is not apparent from this analysis that any one of these issues is dispositive or that one issue is more important than another in comparing the factual overlap, the legal elements and the remedies. Because of this, this Court is left to conclude that while it should consider all these issues in making its case-by-case analysis, none are dispositive or carry more weight than the other.").

The MAA specifically states that enforcement thereof is meant to be handled through "private civil actions." Cal. Bus. & Prof. Code § 18897.8(c). Thus, it is clear from the plain language of the statute that the legal elements of such claim were not meant to be tried in a bankruptcy court. *See, e.g. Lamie v. U.S. Trustee,* 540 U.S. 526, 534 (2004) ("The Supreme Court has consistently admonished that where the text is plain, the court is to apply it as written, unless its application would lead to absurd results."); *In re Shaffer*, 228 B.R. 892, 894 (Bankr. N.D. Ohio 1998) (stating courts employ a two-step analysis in interpreting statute: (1) determine plain meaning of statutory language, and (2) decide whether applying statute according to its plain meaning would result in application demonstrably at odds with intention of its drafters).

Furthermore – as originally stated in the Jury Trial Order – Plaintiff's MAA claim exceeds the scope of the claims allowance process, and Plaintiff's First Amended Complaint fails to cure

such deficiency. Plaintiff's First Amended Complaint seeks relief pursuant to Cal. Bus. & Prof. Code § 18897.9(b), which provides two forms thereof: (1) voidance of any money or other consideration allegedly owed pursuant to an endorsement contract, financial services contract, or professional sports services contract negotiated by an athlete agent who fails to comply with the MAA, and (2) refund (i.e. forfeiture) of any money or other consideration paid pursuant to that contract.

The first layer of relief provided per Cal. Bus. & Prof. Code § 18897.9(b) may, alternatively, be considered a disallowance (which fact is evident based on Plaintiff's claim for declaratory relief seeking essentially the same form of relief). However, the second layer is tantamount to a request for affirmative relief – which Plaintiff seeks in an amount that is at minimum $452,414.31 – in the form of a monetary judgment (i.e. payment of monetary damages from Sure Sports to Plaintiff) that would be used to augment the estate, rather than reduce the amount that debtor owes (i.e. waiving such amount from Sure Sports' proof of claim, which seeks a total claimed amount of $1,187,950.94). For such reason, the Court's citation in the Jury Trial Order to *In re TP, Inc.*, 479. B.R. 373, 386 (Bankr. E.D.N.C. 2012) – in which it was held that causes of action that "sought to augment the estate and were not designed to affect the calculation of the claim" remain distinguishable from, and do not impact, the claim itself (*see* [D.E. 43, pg. 13-14) – remains applicable. Plaintiff's MAA claim contained within its First Amended Complaint seeks to augment the estate by having Sure Sports make actual payment of monetary damages instead of waiving the alleged amount owed by Plaintiff from Sure Sports proof of claim; as such, the relief sought via Plaintiff's MAA claim continues to exceed the jurisdiction of the bankruptcy court and Sure Sports remains entitled to a jury trial as it relates thereto.

In sum, despite how Plaintiff attempts to couch his request for monetary damages, the fact remains that Plaintiff is asking the Court to make an <u>outside</u> determination on how much money Sure Sports should be required to pay Plaintiff in damages based upon violation of a state law claim

affecting "private rights." Such affirmative relief was the basis for the Court's grant of the Jury Trial Order and remains present in Plaintiff's First Amended Complaint; for such reason, it remains evident that the changes reflected in Plaintiff's First Amended Complaint do not serve to up-end or otherwise require changes to the Jury Trial Order.

While Plaintiff's Motion to Modify cites to the Jury Trial Order's reference to *Fifty-Six Hope Rd. Music, Ltd. v. A.V.E.L.A., Inc.*, 778 F.3d 1059, 1075 (9th Cir. 2015) to imply that Plaintiff's amended MAA claim only seeks equitable relief and does not trigger a right to jury trial, the facts of that case are not applicable here. In *Fifty-Six Hope Rd. Music*, the defendants had already been found liable **by a jury** for violating the Lanham Act. *See* 778. F.3d at 1074 (stating "[a] jury found Defendants had violated §1125(a)" prior to the trial judge calculating net profits based on the evidence the parties submitted).

Here, no such prior determination of liability has been made. Furthermore, the MAA clearly states that it was the legislature's intent for liability (if any) to be determined not by a bankruptcy court but rather via "private civil action." Because Plaintiff's MAA claim remains a matter of "private right" pursuant to which Plaintiff seeks the recovery of monetary damages, the import of the Jury Trial Order remains unaffected. *See Granfinanciera*, 492 U.S. at 42, fn.4 ("The Seventh Amendment protects a litigant's right to a jury trial only if a cause of action is legal in nature and it involves a matter of 'private right.'"; *see also Id.* at 46 (""Where an action is simply for the recovery and possession of specific real or personal property, **or for the recovery of a money judgment**, the action is one of law.") (emphasis added); *see also Pernell v. Southhall Realty*, 416 U.S. 363, 370 (1974) ("Where an action is simply for the recovery … of a money judgment, the action is one at law."); *see also U.S. v. Nordbrock*, 941 F.2d 947, 948-49 (9th Cir. 1991) (concluding that defendant was entitled to jury trial in the "refund" action, defined as the "action initiated by [Defendant], in which he seeks a refund of that portion of the section 6695(d) penalty he paid and an abatement of

the remainder of the penalty"); *Kendon Industries, LLC v. Towblazer, Inc.*, 2025 WL 574697, at *4 (C.D. Cal. Jan. 17, 2025) ("Plaintiff's claim for breach of contract and Plaintiff's request for monetary damages in the form of lost profits are legal in nature."); Meister v. Mensinger, 230 Cal. App. 4th 381, 396 (2014) ("Damages are a remedy at law.").

### III. Conclusion

WHEREFORE, for the reasons set forth herein, Sure Sports respectfully requests that this Honorable Court enter an Order denying Plaintiff's request to modify the Jury Trial Order, and any other relief that the Court deems just and appropriate.

DATED: April 7, 2025          JEFFER MANGELS BUTLER & MITCHELL LLP

                              By: /s/ Thomas M. Geher
                                    THOMAS M. GEHER

DATED: April 7, 2025          HEITNER LEGAL, PLLC

                              By: /s/ Darren Heitner
                                    DARREN HEITNER
                                    *Pro Hac Vice*

                              Attorneys for Sure Sports, LLC